# IN THE COURT OF APPEALS OF IOWA

No. 15-0255
Filed November 12, 2015

**EATON CORPORATION,**
　　　Employer,

and

**OLD REPUBLIC INSURANCE CO.,**
　　　Carrier, Defendants-Appellants,

vs.

**DON ARCHER,**
　　　Claimant-Appellee.
_____

　　　Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.


　　　An employer appeals from the district court order affirming the Iowa

Workers' Compensation Commissioner's award of benefits to the claimant.

**AFFIRMED.**


　　　Sara A. Lamme of Erickson & Sederstrom, P.C., Omaha, Nebraska, for

appellants.

　　　Jacob J. Peters of Peters Law Firm, P.C., Council Bluffs, for appellee.


　　　Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Eaton Corporation (Eaton) appeals from the district court order affirming the Iowa Workers' Compensation Commissioner's award of benefits to Don Archer. Specifically, Eaton challenges the award of healing period benefits, arguing Archer failed his burden of proving he is unable to return to substantially similar employment and failed to prove the date on which the healing period began. Because substantial evidence supports the commission's findings, we affirm.

**I. Background Facts and Proceedings.**

Archer filed a workers' compensation petition alleging he sustained a work-related injury while employed at Eaton, where he engaged in repetitive work as a machine operator on a factory assembly line building transmissions. On the day of his alleged injury, March 22, 2012, Archer began to experience pain in his hands, and as a result, Archer reported to Eaton that he was unable to work. He also missed his next two work shifts due to his symptoms. Archer was terminated from his employment on April 2, 2012, due to excessive absenteeism and has been unable to obtain new employment.

Dr. Donald Bumgarner, Archer's physician, determined Archer had "[p]robable carpal tunnel syndrome left side and possible carpal tunnel syndrome right side" and recommended Archer use a neutral-position hand splint for possible pain relief. An EMG further indicated he had carpal tunnel syndrome on his left side. Archer was also examined by Dr. Michael Morrison, who diagnosed him with mild bilateral carpal tunnel syndrome and recommended surgery.

Each party requested an independent medical examination (IME). Archer's IME was conducted by Dr. Caliste Hsu, an orthopedic surgeon and hand specialist. Dr. Hsu diagnosed Archer with bilateral carpal tunnel syndrome caused by working at Eaton. Dr. Hsu further determined Archer was not capable of performing the work he had been doing at the time of the injury. If conservative treatment failed to relieve Archer of his symptoms, Dr. Hsu recommended he undergo a bilateral carpal tunnel release. Eaton obtained an IME from Dr. D.M. Gammel, who also diagnosed Archer with bilateral carpal tunnel syndrome but disagreed with Dr. Hsu's opinion on causation.

Archer filed a petition for workers' compensation benefits. Following an arbitration hearing, a deputy workers' compensation commissioner found Archer sustained a work-related injury on March 22, 2012, and was entitled to a running award of healing period benefits beginning April 3, 2012. The workers' compensation commissioner affirmed and adopted the deputy's decision on appeal.

Eaton sought judicial review of the causation finding and award of healing period benefits, which the district court affirmed. On appeal, Eaton only challenges the award of a running healing period benefit, claiming substantial evidence does not support the agency's finding.

**II. Scope and Standard of Review.**

Our review is governed by Iowa Code chapter 17A. *See* Iowa Code § 86.26 (2013). "The agency decision itself is reviewed under the standards set forth in section 17A.19(10)." *Gregory v. Second Injury Fund of Iowa*, 777 N.W.2d 395, 397 (Iowa 2010). We will reverse the agency's decision if a determination of

fact by the commissioner is "not supported by substantial evidence in the record before the court when that record is viewed as a whole." Iowa Code § 17A.19(10)(f). Evidence is substantial "if a reasonable mind would find it adequate to reach a conclusion." *Second Injury Fund v. Bergeson*, 526 N.W.2d 543, 546 (Iowa 1995). In deciding if substantial evidence supports the commissioner's conclusions, we broadly and liberally construe the commissioner's findings to uphold the decision rather than defeat it. *Id.*

### III. Analysis.

Iowa law requires an employer pay healing period benefits to an employee who has suffered a work-related injury beginning the first day of disability after the injury until the employee "has returned to work or it is medically indicated that significant improvement from the injury is not anticipated or until the employee is medically capable of returning to employment substantially similar to the employment in which the employee was engaged at the time of injury, whichever occurs first." Iowa Code § 85.34(1). In other words, "healing period benefits run until the employee returns to work, is able to return to similar employment, or recuperates from the injury." *Dunlap v. Action Warehouse*, 824 N.W.2d 545, 556 (Iowa Ct. App. 2012). At issue here is whether Archer is able to return to similar employment; Eaton also challenges the beginning date of healing benefits.

Substantial evidence supports the finding Archer is unable to return to similar employment. Archer testified his injury caused pain so intense he was unable to work, leading to his eventual termination. Although wearing hand splints as recommended by Dr. Bumgarner helped with his symptoms, Archer continued to experience pain while performing his work. After his termination,

Archer's symptoms failed to improve. Dr. Hsu recommended Archer be surgically treated to improve "his symptoms of pain, tingling, and numbness in his hand," but Archer has been unable to pursue this treatment after losing health insurance following his termination. Most significantly, Dr. Hsu opined, "I do not believe [Archer] is medically and physically capable of performing the work that he was doing at the time of his injury." Although Eaton cites evidence that may support a finding that Archer was capable of returning to substantially similar employment, our task is not to determine whether substantial evidence supports different findings but rather the findings actually made. *See Mike Brooks, Inc. v. House*, 843 N.W.2d 885, 889 (Iowa 2014).

Substantial evidence also supports the finding the healing period began when Archer was terminated from his employment with Eaton. Archer was diagnosed with bilateral carpal tunnel syndrome, which is known as a repetitive-trauma or cumulative injury. *See Meyer v. IBP, Inc.*, 710 N.W.2d 213, 220 (Iowa 2006). In determining the date of injury in such cases, we use the date on which the disability manifests, or in other words, "'the date on which both the fact of the injury and the causal relationship of the injury to the claimant's employment would have become plainly apparent to a reasonable person.'" *Id.* (quoting *Oscar Mayer Foods Corp. v. Tasler*, 483 N.W.2d 824, 829 (Iowa 1992)). Here, Archer had only been told he had "probable" carpal tunnel syndrome on his left side and "possible" carpal tunnel syndrome on his right side before he was terminated. Although Dr. Bumgarner suggested Archer try wearing a neutral wrist splint to reduce his pain, he did not receive any work restrictions. It was a short period of time after Archer's symptoms began that he was terminated, and

it was not until after Archer was terminated that he was given an EMG and diagnosed by three doctors as having carpal tunnel syndrome. The first opinion on causation was given in August 2012, months after Archer's termination. Therefore, Archer would not have been aware of the connection between his injury and his work, or the adverse impact his injury would have on his employment, until after he was terminated. Substantial evidence supports the commissioner's finding Archer was disabled and, accordingly, was eligible for healing period benefits, when he was terminated from his position with Eaton. *See Oscar Mayer Foods Corp.*, 483 N.W.2d at 829 (affirming the use of the date of the factory's closing—when employee's job was terminated—as the date the employee's cumulative injury manifested).

Because we agree with the district court that the evidence here supports an award of healing period benefits beginning on April 2, 2015, we affirm. *See Mycogen Seeds v. Sands*, 686 N.W.2d 457, 464 (Iowa 2004) (noting that in applying the standards of chapter 17A, we affirm the district court if we reach the same conclusions).

**AFFIRMED.**